IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GADDY,<br><br>      Plaintiff,<br><br>v.<br><br>TEREX CORPORATION, et al.,<br><br>      Defendants. | 1:14-cv-1928-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Terex Corporation, Terex South Dakota, Inc., and Terex Utilities, Inc.'s ("Defendants") Motion for Protective Order [199] ("Motion for Protective Order"). Also before the Court is Plaintiff Jeffrey Gaddy's unopposed "Motion to Dismiss Defendants MRT Manufacturing, Inc., Formerly Forestry, Inc., and Utility One Source Forestry Equipment, LLC Pursuant to Fed. R. Civ. P. 41(a)(1)(2)" [204] ("Motion to Dismiss") and unopposed "Motion to Add Defendants and for Leave to File a Sixth Amended Complaint" [205] ("Motion to Amend").

## I.     MOTION FOR PROTECTIVE ORDER

### A.     Background

Defendants sent an email to the Court on December 10, 2015, requesting permission to file a motion for a protective order from Plaintiff's allegedly burdensome discovery requests. After considering the parties' positions, the Court determined that Defendants were permitted to file a motion for protective order. The Court stated:

> Defendants are not required to respond to the 855 additional Requests for Admission and 93 additional Requests for Production until the resolution of the motion for a protective order. If the Court denies Defendant's motion, Defendants will be provided sufficient time thereafter to respond to the discovery.

(December 10, 2015, Email).

On December 22, 2015, Defendants filed their Motion for Protective Order. In it, they note that they have responded to a "staggering" volume of discovery requests over the span of eighteen (18) months. Plaintiff served on Defendants additional discovery requests, including 855 additional Requests for Admission and 93 additional Requests for Production (the "Subject Discovery"). Defendants note that this discovery constitutes the fourth set of requests for admission served on Defendant Terex Utilities, Inc., the fourth set of requests for admission to Defendant Terex Corporation, the seventh set of requests for admission to

2

Defendant Terex South Dakota, Inc., the seventh set of requests for production to Terex Corporation, the eight set of requests for production to Defendant Terex Utilities, Inc., and the fourteenth set of requests for production to Defendant Terex South Dakota, Inc.  Defendants seek a protective order from "such cumulative, harassing, oppressive, and unduly burdensome written discovery."  (Mot. for Protective Order at 2).

Plaintiff notes that its discovery has resulted in Defendants' admission of a safety defect, a recall, a National Highway Traffic Safety Administration investigation, and the uncovering of nearly 100 instances of similar cracking.  (Resp. [202] at 2-3).  Plaintiff argues that, because of the number of defendants in this action—a number that continues to grow—Plaintiff has had to send many requests, the majority of which "have been identical requests sent in triplicate" to numerous defendants.  (Id. at 4).  Plaintiff argues that, given the context that the booms at issue are owned by as many as 44 different entities, and the number of different boom designs, the Subject Discovery is reasonable.  (See id. at 5-7).

B.   Discussion

The Court has "wide discretion in setting the limits of discovery." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545 (11th Cir. 1985).  Federal Rule of Civil Procedure 26(c) "gives the district court discretionary power to

fashion a protective order." Id.  Under Federal Rule 26(c)(1), the Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [by] forbidding the disclosure or discovery . . .[or] prescribing a discovery method other than the one selected by the party seeking discovery[.]"  Fed. R. Civ. P. 26(c)(1).

The Court has been liberal in allowing Plaintiff to add parties and to conduct broad and exhaustive discovery in this matter.  But discovery must also be reasonable, including to avoid imposing an undue burden on Defendants in this case.  The Court finds that Plaintiff's 855 additional Requests for Admission and 93 additional Requests for Production are unduly burdensome considering the extensive discovery that has been conducted in this case.  Discovery has been ongoing since September 18, 2014—nearly 18 months, which is more than twice the time the Court ordinarily allows for discovery.  As Defendants note, the Subject Discovery is the latest in multiple rounds of discovery requests propounded by Plaintiff.  The Subject Discovery is not directed at "new" parties to this action from whom Plaintiff has not yet sought discovery.  The discovery requests are directed at the Terex Defendants—the original parties to this action.  The Court grants Defendants' Motion for Protective Order, and Defendants are not required to respond to the Subject Discovery..

## II. MOTION TO DISMISS AND MOTION TO AMEND

### A. Background

Plaintiff also moves to dismiss his claims against Defendants MRT Manufacturing, Inc., Formerly Forestry, Inc., and Utility One Source Forestry Equipment, LLC (the "FEVA Defendants"). Plaintiff represents that he has confidentially settled his claims against these defendants, and wishes to dismiss them while continuing the litigation against the remaining defendants. (Mot. to Dismiss at 2). Plaintiff also moves for leave to file his sixth amended complaint. The Sixth Amended Complaint removes the FEVA Defendants and adds Defendants ArcelorMittal USA, LLC and its wholly-owned subsidiaries Dofasco, Inc. and Dofasco Tubular Producs, Inc. Plaintiff alleges that these entities "are or may be liable as a successor for the alleged acts and omissions of LTV Copperweld." (Mot. to Amend at 3). Defendants do not oppose Plaintiff's Motion to Dismiss or Motion to Amend.

### B. Discussion

Federal Rule of Civil Procedure 41(a)(2) permits a plaintiff at any time, upon court approval, to dismiss an action voluntarily and without. Fed. R. Civ. P. 41(a)(2). The rule's primary purpose is to prevent voluntary dismissals that unfairly affect the opposition and to permit imposition of curative conditions.

McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986).  Voluntary dismissals should be granted unless the defendant suffers clear legal prejudice, other than the prospect of a second lawsuit.  Id. at 856-57.

Here, Defendants do not oppose Plaintiff's voluntary dismissal of the FEVA Defendants, and Plaintiff represents that he has confidentially settled his claims against these defendants.  The FEVA Defendants have not filed counterclaims and they did not move for attorneys' fees in their answer.  See Leather & Luggage, Inc. v. Eiffel Design, Inc., 1998 WL 1031505, at *2 (N.D. Ga. June 4, 1998).  The Court thus grants Plaintiff's Motion to Dismiss.

As to Plaintiff's Motion to Amend, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court again notes that it has been generous in allowing Plaintiff to amend its complaint, but discovery in this action must end at some point and this case must move toward resolution.  The Court grants Plaintiff's Motion to Amend, but Plaintiff may not seek additional discovery from the new parties added.  No further amendment will be allowed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Terex Corporation, Terex South Dakota, Inc., and Terex Utilities, Inc.'s Motion for Protective Order [199] is **GRANTED** and Defendants are not required to respond to the Subject Discovery.

**IT IS FURTHER ORDERED** that Plaintiff Jeffrey Gaddy's "Motion to Dismiss Defendants MRT Manufacturing, Inc., Formerly Forestry, Inc., and Utility One Source Forestry Equipment, LLC Pursuant to Fed. R. Civ. P. 41(a)(1)(2)" [204] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Add Defendants and for Leave to File a Sixth Amended Complaint" [205] ("Motion to Amend") is **GRANTED**.  Plaintiff may not seek additional discovery from the new parties added, and no further amendments will be allowed.  The Clerk is **DIRECTED** to docket Plaintiff's Sixth Amended Complaint [205.2].

**SO ORDERED** this 10th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE