**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JEFFREY GADDY,**<br>**Plaintiff,**<br>**v.**<br>**TEREX CORPORATION, et al.,**<br>**Defendants.** | **1:14-cv-1928-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Proposed Intervenor Beatrice Boyd's ("Proposed Intervenor") Motion to Intervene [207] ("Motion").

## I. BACKGROUND

On June 13, 2012, an individual named Loyd Boyd was operating a 1989 Hi-Ranger 5HA-55-PBI ("5HA") boom when the boom snapped, causing Mr. Boyd's death. Proposed Intervenor filed a lawsuit, individually and as administrator of Mr. Boyd's estate, in the United States District Court for the Eastern District of Arkansas, styled Beatrice Boyd v. Terex Utilities, Inc., et al., 2:15-cv-43 ("Boyd Action").

On February 22, 2016, Proposed Intervenor filed her Motion. In it, she seeks to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure

"for the limited purpose of modifying the Protective Order so as to allow Beatrice Boyd to obtain discovery documents produced in this matter . . . ." (Br. in Supp. of Mot. ("Br.") at 1).

On March 7, 2016, Defendants Terex Corporation, Terex South Dakota, Inc., and Terex Utilities, Inc. (collectively, the "Terex Defendants") filed their Response [213]. In it, they argue the Motion should be denied, including because there is no common question of law or fact between the two cases because different machines are at issue—the 5HA in the Boyd Action and the Terex XT60/70 ("XT") in this action—and the alleged defects at issue are different. They argue that the Motion is untimely, and that Terex Defendants will be unduly prejudiced if it is granted.

## II. DISCUSSION

"A motion for permissive intervention under Rule 24(b) is the proper method for seeking to modify a protective order." In re Static Random Access Memory (SRAM) Antitrust Litig., No. 07-md-01819 CW, 2011 WL 5193479, at *2 (N.D. Cal. Nov. 1, 2011). "Whether to grant intervention and whether to grant modification of a protective order are two separate issues," and "[t]he decision to allow a party to intervene for the limited purpose of modifying a protective order does not automatically mean the court will grant the motion to modify the

protective order." In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig., 255 F.R.D. 308, 314 (D. Conn. 2009) (citation omitted); see also Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd., No. 05 Civ. 2745(JGK)(RLE), 2010 WL 779314, at *2 (S.D.N.Y. Mar. 2, 2010). Rather, "a court will consider first whether a party has met the threshold criteria for permissive intervention and then engage in a balancing test of the parties' interests to determine whether, in its discretion, the motion to intervene should be granted." In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig., 255 F.R.D. at 314 (citation omitted).

Rule 24(b) of the Federal Rules of Civil Procedure provides that the Court may permit anyone to intervene who, on a timely motion, "is given a conditional right to intervene by a federal statute; or [ ] has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). "In exercising its discretion, a court should consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." In re Static Random Access Memory (SRAM) Antitrust Litig., 2011 WL 5193479, at *2 (citation and internal marks omitted); see also Lancer Ins. Co. v. Hitts, No. 5:09–CV–302 (CAR), 2010 WL 2867836, at *3 (M.D. Ga. July 20, 2010) (citation omitted).

Here, the Court is not required to consider whether permissive intervention is warranted, because the Proposed Intervenor has not persuaded the Court that modification of the protective order—the sole reason for intervention—is justified. There is no definitive test to apply to an intervenor's request to modify a protective order in the Eleventh Circuit. In Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp., the court found the best practice is to apply "a balancing test to determine whether any justification exists for lifting or modifying the protective order." 271 F.R.D. 530, 537 (S.D. Fla. 2010) (quoting SRS Techs., Inc. v. Physitron, Inc., 216 F.R.D. 525, 530 (N.D. Ala. 2003)). The Court finds that Proposed Intervenor has not shown that modifying the protective order would prevent repetitive discovery, given the factual and legal differences between the two cases. See Cunningham v. Subaru of Am., Inc., 155 F.R.D. 205, 207 (D. Kan. 1994). Proposed Intervenor's request for XT documents exceeds the scope of discovery in the Boyd Action. In this action, the boom at issue is the XT truck-mounted boom. Plaintiff Jeffrey Gaddy ("Plaintiff") fell after the boom arm cracked in the steel boom tube of the lower boom stub. In the Boyd Action, Mr. Boyd fell from a 5HA boom manufactured in 1989. Plaintiff fell when the fiberglass insert cracked, causing the upper arm and attached bucket to collapse. In addition, as the Terex Defendants note, the 5HA model was designed by

Hi-Ranger, Inc. prior to 1983, while the XT model was designed by Simon Telelect beginning in 1996, thirteen (13) years after the 5HA. (Resp. at 6-7). The 5HA machine in the Boyd Action was manufactured by Hi-Ranger, Inc. in 1989, while the XT machine in this action was manufactured by Terex South Dakota in 2002, thirteen (13) years after the 5HA in the Boyd Action. The Terex Defendants articulate over twenty (20) other substantial differences between the models. (Id. at 6-9).[1]

The Court also finds modification of the protective order in this case would invite plaintiffs from similar cases around the country to intervene in this and other cases against the Terex Defendants and related entities, and "the scope of discovery in suits against the Terex Defendants nationwide will lose all meaningful limitations." (Id. at 15). Proposed Intervenor is entitled to discovery in the Boyd Action, but the Proposed Intervenor still is able to obtain those documents through ordinary discovery procedures in the Boyd Action. Because modification of the protective order is inappropriate here, the Court denies Proposed Intervenor's Motion.

1 These same considerations support that permissive intervention is not warranted here because Proposed Intervenor fails to demonstrate a sufficient "common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Proposed Intervenor Beatrice Boyd's Motion to Intervene [207] is **DENIED**.

**SO ORDERED** this 6th day of July, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE