# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GADDY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION FILE |
| | )   NO. 1:14-cv-01928-WSD |
| AMERICAN INTERSTATE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Intervenor Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TEREX CORPORATION, TEREX | ) |
| SOUTH DAKOTA, INC., and | ) |
| TEREX UTILITIES, INC., | ) |
| | ) |
|     Defendants. | ) |

### TEREX DEFENDANTS' REPLY BRIEF IN SUPPORT
### OF THEIR MOTION TO TRIFURCATE TRIAL

COME NOW, Defendants Terex Corporation, Terex Utilities, Inc., and Terex South Dakota, Inc. ("Terex SD") (collectively, the "Terex Defendants"), and hereby file their Brief In Support Of Their Motion To Trifurcate Trial, showing as follows:

### Introduction

Terex Defendants have respectfully requested the Court to trifurcate the trial

of this lawsuit as follows: (1) during the first phase of the trial, the jury would consider whether Georgia's statute of repose exception applies to Plaintiff's negligent design claim against Terex SD, irrespective of any proximate cause or other liability issues; (2) during the second phase of the trial, the jury would consider: (a) Plaintiff's failure to warn claims and negligent design claim (should the negligent design claim survive phase I); (b) the amount of compensatory damages to be awarded, if any; and (c) Terex Defendants' liability, if any, on Plaintiff's punitive damages claim; and (3) during the third phase of trial, should Terex Defendants be found liable for punitive damages, the jury would consider the amount of punitive damages to be awarded.

Plaintiff concedes in his Response To Terex's Motion To Trifurcate Trial ("Response") that the trial of his punitive damages claim should be separated pursuant to O.C.G.A. § 51-12-5.1 such that the amount of punitive damages to be awarded against Terex Defendants, if any, should be determined during the final phase of trial. Plaintiff, however, argues that the trial of Plaintiff's negligent design claim and failure to warn claims should not be separated as set forth above because of the alleged prejudice to Plaintiff – it would inconvenience Plaintiff, upset the burdens of proof, and prevent Plaintiff from presenting relevant evidence to the jury. As shown herein, Terex Defendants' request best comports with

Georgia products liability law and Fed. R. Evid. 401 and 403 and would result in the fairest trial to all parties. Therefore, Terex Defendants' Motion should be GRANTED.

### Argument & Citation to Authority

Though the Court "may" consider the variety of factors that Plaintiff catalogues in his Response when considering a motion brought under Fed. R. Civ. P. 42, the "paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefit and prejudice." *Kimberly-Clark Cop. V. James River Corp. of Virginia*, 131 F.R.D. 607, 609 (N.D. Ga. 1989). As set forth in their Brief In Support and herein, Terex Defendants submit that trifurcating trial in this manner will result in the fairest trial to all parties. Plaintiff provides three reasons for why trifurcating trial would be unduly prejudicial to Plaintiff. All three arguments are without merit.

First, Plaintiff argues that trifurcating trial would be so inconvenient as to prejudice Plaintiff because Plaintiff would have to present the same evidence three times. *See* Response, pp. 7-8. Plaintiff misconstrues Terex Defendants' request. Under a trifurcated trial, the parties would still present all relevant evidence one time, as would occur if the trial proceeded altogether; however, there would be three occasions for the jury to deliberate. Viewed another way, trifurcating the

trial would not involve the presentation of cumulative evidence, but instead would merely limit the presentation of evidence to the issues and timeframe that are relevant to each phase of the jury's deliberation.

During the first phase, Plaintiff would have to establish that a design defect existed and that Terex SD exhibited willful or wanton conduct when designing the Subject Aerial Device. In order for the jury to fairly determine whether the Subject Aerial Device contained a design defect, the only evidence it should consider is evidence relating to Terex SD's knowledge and surrounding circumstances that existed at the time of the design and manufacture of the product. No other evidence is relevant. If the jury is presented with post design and manufacture evidence, as Plaintiff intends, there is no realistic or effective means by which this Court can prohibit the jury from considering this plainly irrelevant evidence as part of the jury's analysis of Plaintiff's design defect claim. The **only** approach that prevents the otherwise unavoidable prejudice to Terex Defendants is to trifurcate the trial.

Should the jury determine that the statute of repose exception applies after phase one, during the second phase of trial, Plaintiff would present causation evidence relating to his negligent design claim, evidence regarding Plaintiff's failure to warn claims (negligence and causation), evidence relating to Plaintiff's

compensatory damages, and evidence relating to Terex Defendants' liability on Plaintiff's punitive damages claim, should it differ from any evidence presented during phase one. Just because evidence from phase one of trial may be relevant to issues addressed during phase two of trial does not require, as Plaintiff suggests, that Plaintiff re-introduce the same evidence a second or third time. Rather, the same jury will simply be allowed to consider the evidence presented during the first phase of trial in phases two and three, if necessary. There is no additional burden or inconvenience to Plaintiff.[1]

Second, Plaintiff argues that trifurcating trial would prejudice Plaintiff because it would force Plaintiff to disprove a defense before Plaintiff presents his case on liability. *See* Response, p. 9. This is a misstatement of Georgia law. To the contrary, grouping Plaintiff's design defect claims with his other liability theories prejudices Terex Defendants by permitting the presentation of evidence

---

[1] Plaintiff argues that a trifurcated trial would inconvenience and confuse the jury because the jury would have to consider whether Terex Defendants acted in a willful or wanton manner twice: to prove the statute of repose exception applies and to prove Plaintiff's punitive damages claim. *See* Response, p. 8. Plaintiff's argument is a red herring. Under Georgia's statute of repose, Plaintiff will have to establish that Terex Defendants acted in a willful or wanton manner **by a preponderance of the evidence**. *Watkins v. Ford Motor Co.*, 190 F.3d 1213, 1220 n. 2 (11th Cir. 1999) (emphasis added). Under Georgia's punitive damages statute, Plaintiff will have to establish that Terex Defendants acted in a willful or wanton manner **by clear and convincing evidence**. *Id.*; O.C.G.A. § 51-12-5.1 (b). The same question (with differing evidentiary standards) will necessarily be posed to the jury twice regardless of the manner in which the trial is separated.

that is irrelevant to the issue of whether a design defect existed.

The applicable statute of repose **<u>unquestionably bars</u>** Plaintiff's negligent design claim unless the manufacturer manifested "a willful, reckless, or wanton disregard for life or property" in designing the product. O.C.G.A. § 51-1-11(b)(2). Contrary to Plaintiff's allegation that trifurcation would unfairly place the burden on Plaintiff to first disprove a defense, pursuant to O.C.G.A. § 51-1-11, **<u>Plaintiff bears the burden of proving that the exception set forth in the statute applies to his negligent design claim.</u>** *Ivy v. Ford Motor Co.*, 646 F.3d 769, 773 (11th Cir. 2011) ("[the plaintiff] bears the burden of showing that this exception applies by a preponderance of the evidence"). Therefore, limiting the first phase of the trial to whether a design defect exists and whether Terex SD acted willfully or wantonly comports with the requirements of O.C.G.A. § 51-1-11. If Plaintiff cannot establish that the statute of repose exception applies, he should not have the opportunity to complete his presentation on causation, and thus, liability, against Terex Defendants. Terex Defendants' trifurcated trial presents the only opportunity to simplify the issues for the jury – if Plaintiff cannot establish that the statute of repose exception applies, it would be unnecessary for the jury to hear the convoluted evidence relating to how Terex SD's alleged negligent design may have contributed to the subject accident.

Finally, Plaintiff argues that trifurcating trial would prevent Plaintiff from presenting relevant evidence of cracking. *See* Response, pp. 10-13. However, Plaintiff mistakes Terex Defendants' Motion to Trifurcate Trial for a motion *in Limine*. Should the Court trifurcate the trial of this lawsuit, evidence of other instances of alleged cracking and Terex Defendants' notice of same would not be completely excluded, but would rather be relegated to the second phase of trial.[2] Post-sale evidence of cracking or Terex Defendants' knowledge of same is simply irrelevant to whether Terex SD negligently designed the Subject Aerial Device or whether Terex SD exhibited the requisite intent **when designing** the Subject Aerial Device. As the Georgia Supreme Court explained in *Banks v. ICI Americas, Inc.*, when employing the risk-utility analysis to determine whether a product has been defectively designed, the relevant time frame is "at the time the product was manufactured". 264 Ga. 732, 736 (1994); *see also, id.* at 737 (describing the relevant inquiry to be as of "the time the manufacturer made its design, manufacturing, and marketing decisions"); *Chrysler Corp. v. Batten*, 264 Ga. 723, 724 (1994) (explaining that factual distinctions are "readily apparent" between negligent design claims and claims "where the duty to warn of a danger arises from

---

[2] Terex Defendants do not concede that evidence of alleged cracking is admissible during trial. The evidence is subject to Terex Defendants' Motion *in Limine* No. 1 To Exclude Or Limit Evidence Of Cracking In Other Terex XTs. *See* Doc. 410.

- 7 -

a manufacturer's post-sale knowledge acquired months, years, or even decades after the date of the first sale of the product"). Plaintiff does not and cannot cite to a single case that suggests that knowledge of a product's dangers acquired post manufacture and sale is relevant to a negligent design claim. To the contrary, as the former Fifth Circuit noted, post-sale knowledge is irrelevant to a plaintiff's negligent design claim and properly excluded pursuant to Federal Rules of Evidence 401, 402, and 403. *Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 928 (5th Cir. 1980).[3] "[T]he appropriate test is whether a product was designed with reasonable care for safety in the use for which it was manufactured, **measured by the knowledge available both at the time of design and manufacture**." *Id.* (emphasis added).

Terex Defendants do not dispute that evidence of certain alleged instances of cracking and Terex Defendants' purported knowledge of same may be relevant to Plaintiff's failure to warn or punitive damages claims.[4] Terex Defendants are simply seeking to postpone the introduction of such evidence until after the jury

---

[3] *Nguyen v. United States*, 556 F.3d 1244, 1258 (11th Cir. 2009) ("In our en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. The preexisting Fifth Circuit precedent that the *Bonner* decision adopted as binding precedent in this circuit includes all Unit A panel decisions issued before October 1, 1981.").

[4] Again, this statement is subject to Terex Defendants' Motion *in Limine* No. 1.

has determined whether the statute of repose exception applies to Plaintiff's negligent design claim.  Post-sale evidence is completely irrelevant to the issue. The danger of introducing Plaintiff's purported list of cracking instances that post-date the sale of the Subject Aerial Device substantially outweighs any marginal probative value that the evidence may offer towards Plaintiff's negligent design claim.  The danger of prejudice against Terex Defendants is magnified by the fact that the Subject Aerial Device had been in use for over **eleven years** prior to the subject accident.  Trifurcating trial will not prejudice Plaintiff because the evidence would still be admissible during the second phase of trial and will protected Terex Defendants against the dangers that the statute of repose was specifically enacted to guard against.  *See e.g.*, *Pafford v. Biomet*, 264 Ga. 540, 545 (1994) (lost evidence, faded memories, unascertainable witnesses, and neglect, abuse, or poor maintenance of the product).  A trifurcated trial would result in a "fair and impartial trial to all litigants."

WHEREFORE, Terex Defendants respectfully request that the Court GRANT Terex Defendants' Motion and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of August, 2017.

                                        WEINBERG, WHEELER, HUDGINS,
                                            GUNN & DIAL, LLC

                                    By: */s/ Frederick N. Sager, Jr.*
                                        Frederick N. Sager, Jr.
                                        Georgia Bar No. 622070
                                        Mark R. Johnson
                                        Georgia Bar No. 395042
                                        Frederick L. Cooper, IV
                                        Georgia Bar No. 785392
                                        *Attorneys for Defendants Terex*
                                        *Corporation, Terex South Dakota, Inc.,*
                                        *and Terex Utilities, Inc.*

3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia  30326
404.876.2700 Office
404.875.9433 Facsimile
rsager@wwhgd.com
mjohnson@wwhgd.com
dcooper@wwhgd.com

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 4th day of August, 2017.

> By: */s/ Frederick N. Sager, Jr.*
> Frederick N. Sager, Jr.
> Georgia Bar No. 622070
> rsager@wwhgd.com
> *Attorneys for Defendants Terex Corporation, Terex South Dakota, Inc., and Terex Utilities, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing on all parties in the foregoing matter via CM/ECF e-filing, to wit:

Christian A. Pecone, Esq.
SAVELL & WILLIAMS, LLP
2700 Harris Tower
233 Peachtree Street
Atlanta, GA  30303
*Counsel for Intervenor/Plaintiff*

Lance A. Cooper, Esq.
Andrew S. Ashby, Esq.
THE COOPER FIRM
531 Roselane Street, Suite 200
Marietta, GA  30060
*Counsel for Plaintiff*

Darren Summerville, Esq.
The Summerville Firm, LLC
400 Colony Square, Suite 2000
1201 Peachtree Street NE
Atlanta, GA  30361
*Co-Counsel for Plaintiff*

This 4th day of August, 2017.

By: */s/ Frederick N. Sager, Jr.*
Frederick N. Sager, Jr.
Georgia Bar No. 622070
rsager@wwhgd.com
*Attorneys for Defendants Terex Corporation, Terex South Dakota, Inc., and Terex Utilities, Inc.*