# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GADDY, | |
| Plaintiff, | |
| v. | 1:14-cv-1928-WSD |
| AMERICAN INTERSTATE INSURANCE COMPANY, | |
| Intervenor Plaintiff, | |
| v. | |
| TEREX CORPORATION, TEREX SOUTH DAKOTA, INC., and TEREX UTILITIES, INC., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants Terex Corporation, Terex Utilities, Inc., and Terex South Dakota, Inc.'s ("Terex SD") (collectively, "Defendants" or "Terex") Motion *In Limine* No. 2 To Exclude All References to ABC Professional Tree Services, Inc. ("ABC") [411] (the "Motion").

## I.   BACKGROUND

Defendants seek to limit at trial any reference to, or evidence of, an accident (the "ABC Accident") involving a 2006 Terex Hi-Ranger XT 55 owned and operated by ABC. The ABC Accident occurred on or about January 30, 2013, and

it involved a crack in the lower boom area that eventually progressed to failure and collapse of the boom. The following diagram illustrates the area of the boom that cracked and ultimately failed in the ABC Accident and the area that cracked and failed in this action.[1]



As a result of the ABC Accident, ABC submitted a claim to Defendants requesting they repair all XTs that ABC owned at the SN608 Area. ([411] at 3). Defendants ultimately agreed to repair all of ABC's XTs at the SN608 Area. (Id.).

In their Motion, Defendants state that they believe Plaintiff will attempt to present arguments and evidence of the ABC Accident, the alleged injuries that

---

[1] The red circle, labeled the "Gaddy Area" denotes the area that fractured in this action, while the green circle, labeled the "SN608 Area" denotes the area that fractured in the ABC Accident.

resulted from it, and the claims or lawsuits filed against Defendants as a result of the ABC Accident to show Defendants' negligence in this case.  (Id.).  Defendants contend that Plaintiff should be precluded from doing so because (1) the ABC Accident is not substantially similar to the subject accident at issue in this action, and (2) all evidence relating to the ABC Accident is otherwise barred as inadmissible hearsay or evidence of settlement discussions.  (Id.).  Defendants argue specifically that Plaintiff cannot fulfill his burden of demonstrating that the ABC Accident is substantially similar to the accident in this action because the boom in the ABC Accident was part of a redesign that occurred in March 2004, and the SN608 Area is "completely distinct from the design and operation of the Gaddy Area."  (Id. at 6-8).  Defendants further argue that any statements regarding visibility of cracking contain "multiple layers of inadmissible hearsay" and should therefore be excluded.  (Id. at 10).  Defendants argue finally that any settlement correspondence is inadmissible under Rule 408 of the Federal Rules of Evidence because it is evidence of settlement discussions.  (Id. at 11-13).

On August 7, 2017, Plaintiff filed his Response to Terex's Motion *In Limine* No. 2 to Exclude All References to ABC Professional Tree Services, Inc. [440] ("Response").  In it, Plaintiff argues evidence regarding the ABC Accident should be admitted because (1) it disproves Defendants' "core defense in this case" by

showing that ABC failed to discover cracking despite regular and documented inspections; (2) evidence of cracking in the lower boom is admissible to show notice of the potential defect and that Defendants could not rely on customers' visual inspections to detect the cracking; (3) evidence of the similar defects along the lower boom is relevant to show any design defect; and (4) Defendants' handling of the hinge pin safety notices is relevant to whether its conduct in this case was willful, reckless, or wanton. ([440] at 11-18). Plaintiff further explains that Defendants' contention that the hinge pin cracking is not substantially similar to the cracking at issue in this case is "incorrect." (Id. at 18). Plaintiff argues finally that any concern that the statements are hearsay is allayed because they are offered for a non-hearsay purpose and Rule 408's bar on the use of settlement discussions, by its plain language, does not apply here. (Id. 24-25).

## II. DISCUSSION

### A. Legal Standard

Federal courts "routinely permit introduction of substantially similar acts or occurrences in product liability actions to demonstrate the existence of a defect, to prove notice, or to refute testimony given by defense witnesses." C.A. Associates v. Dow Chem. Co., 918 F.2d 1485, 1489 (10th Cir. 1990); see also In re Wright Medical Technology Inc., No. 1:13-cv-297-WSD, 2015 WL 6690046, at *6

(N.D. Ga. Oct. 30, 2015). "In a product liability action, the occurrence of similar accidents or failures involving the same product holds great relevance, since evidence of such failures tends to make the existence of a defect more probable than it would be without the evidence." Id.; see also Weeks v. Remington Arms Co., 733 F.2d 1485, 1491 (11th Cir. 1984) ("Evidence of similar accidents might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation.") (quoting Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334, 338-39 (5th Cir. 1980)).

"Because of the potential impact that evidence of similar accidents can have on juries, [the Eleventh Circuit] has placed two additional limitations on the use of such evidence: (1) the prior failure(s) must have occurred under conditions substantially similar to those existing during the failure in question, and (2) the prior failure(s) must have occurred at a time that is not too remote from the time of the failure in question." Weeks, 733 F.2d at 1491. "Substantially similar" conditions do not need to be identical. Wheeler v. John Deere Co., 862 F.2d 1404, 1408 (10th Cir. 1988). The similarity requirement appears to be less restrictive when the similar failures are submitted to prove the existence of notice. See Worsham v. A.H. Robins Co., 734 F.2d 676, 689 (11th Cir. 1984).

B. <u>Analysis</u>

Defendants' primarily argue that Plaintiff should be excluded from making any reference to the ABC Accident because it is not substantially similar to the facts of the accident that occurred in this case. In particular, Defendants argue that the cracking in the SN608 Area that occurred in the ABC Accident is not comparable because the design of the SN608 Area is "completely distinct." Plaintiff, on the other hand, argues that even though the ABC Accident involved a somewhat differently designed truck and boom, and even though the cracking occurred in a slightly different area than where it occurred in this case, the design of the two areas is "trivial[ly]" distinct and "mere legal gloss." ([440] at 20-21). Plaintiff further asserts that the ways in which the two booms "nominally differ have nothing to do with the reasons for which [Plaintiff] seeks to introduce the evidence" and that the two incidents are substantially similar "for the purpose for which the evidence is proffered." ([440] at 22).

The Court finds that Plaintiff has failed to demonstrate that the ABC Accident is substantially similar to the incident in this case. First, it is undisputed that the truck involved in the ABC Accident was not the same as the one involved in this action. In the ABC Accident, the cracking occurred in a 2006 Terex Hi-Ranger XT 55 boom. ([411] at 2). This machine was not only an entirely different

6

model but was manufactured after Defendants completed a redesign in March 2004 "in an effort to improve the quality and safety of the machines." (Id. at 6). Here, the cracking, and ultimate failure, occurred in a 2002 Terex Hi-Ranger XT 60/70 boom. Second, it is plain that the underlying function of the area of the boom in the ABC Accident is different from that in the Subject Boom. The crack that progressed to failure in the ABC Accident was located in the "hinge pin" area of the machine. (Id.). This area rotates the boom and bucket in a 360 degree manner at the base of the boom, while the area that ultimately failed in this action extends and retracts the boom vertically. (Id. at 7). It appears that the cause of the cracking and the way that the cracking manifests itself is also different. Defendants contend that "[a]ny cracking and/or failure at the [ABC Accident] [a]rea was caused from a twisting action on the lower boom due to rapidly starting and stopping the rotation of the booms." (Id.). Defendants also contend that cracking in the ABC Accident part of the boom occurred on the side plates, where the cracking in the Gaddy Area occurred on the lower boom itself. (Id. at 8).

Plaintiff provides no further evidence regarding similarities other than to point to the fact that there was a similar hand calculation used to design the trucks that it alleges contributed to their defective designs and ultimate failures. ([440] at

14). This is simply not enough.[2] Although the "substantial similarity" standard does not demand absolutely "identical" conditions, it does demand at least some threshold above what Plaintiff has submitted here.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Terex Corporation, Terex Utilities, Inc., and Terex South Dakota, Inc.'s Motion *In Limine* No. 2 To Exclude All References to ABC Professional Tree Services, Inc. ("ABC") [411] is **GRANTED**.

**SO ORDERED** this 27th day of March, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that the ABC Accident is not substantially similar to the accident here, the Court need not address Defendants' additional grounds for exclusion based on hearsay and settlement discussions.