# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GADDY,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN INTERSTATE<br>INSURANCE COMPANY,<br><br>      Intervenor Plaintiff,<br><br>v.<br><br>TEREX CORPORATION, TEREX<br>SOUTH DAKOTA, INC., and<br>TEREX UTILITIES, INC.,<br><br>      Defendants. | 1:14-cv-1928-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Terex Corporation, Terex Utilities, Inc., and Terex South Dakota, Inc.'s ("Terex SD") (collectively, "Defendants" or "Terex") Motion *In Limine* No. 3 to Exclude Reference to Issues Related to the Hinge Pin Area of XTs and Plaintiff's Alleged Negligent Recall Claim [412] (the "Motion").

## I. BACKGROUND

Defendants seek to limit at trial any reference to issues related to the hinge pin area ("SN608 Area") of Defendants' XT model trucks and any assertion of a

negligent recall claim. Defendants specifically argue that they anticipate Plaintiff will attempt to present arguments and evidence regarding:

1. The issuance of safety notices alerting consumers to cracking in the SN608 Area and whether Defendants were negligent in the manner and scope of the issuance;

2. Testing and analysis conducted or directed by Defendants relating to cracking in the SN608 Area, including Finite Element Analysis testing in 2013;

3. Incidents of cracking and/or failures at the SN608 Area; and

4. Evidence of other lawsuits, claims, or incidents relating to cracking in the SN608 Area.

([412] at 4). Defendants contend that "[s]uch arguments and evidence are barred by the doctrine of substantial similarity and are otherwise irrelevant to the issues to be tried." (Id.). Defendants further argue that Plaintiff should be precluded from asserting a negligent recall claim because Plaintiff did not allege such a claim until the filing of the parties' proposed Consolidated Pretrial Order ("PTO") on June 13, 2017. (Id. at 9).

Plaintiff argues that the SN608 Area is substantially similar to the area that cracked in this case, and, therefore, evidence regarding this cracking is admissible to show, for example, Defendants' notice. (Plaintiff's Response to Terex's Motion in Limine No. 3 [434] ("Response")). Plaintiff next argues that he should be permitted to pursue his negligent recall claim because (1) Plaintiff "set out in his

2

complaint all the factual predicates of a defective recall claim[,]" and "[t]he fact that he d[id] not use form language to label his legal theory as such is immaterial" and (2) it is "settled case law in the Eleventh Circuit that issues not raised in the pleadings may be treated as if they were properly raised when they are included in a pretrial order." ([434] at 2-3).

## II. DISCUSSION

### A. Substantial Similarity of SN608 Area

The "substantial similarity doctrine" is implicated where a party seeks to admit evidence of prior accidents or injuries caused by the same event or condition to prove the existence of a dangerous condition, that the defendant had knowledge of the dangerous condition, or that the dangerous condition was the cause of the present injury. Custer v. Terex Corp., No. 4:02-cv-38-HLM, 2005 WL 5974434, at *13 (N.D. Ga. May 17, 2005) (citing Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 (11th Cir. 1997). "'This doctrine applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury.'" Id. Where such evidence is admitted, it may be offered to show a "'defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of

safety for intended uses, the strength of a product, the standard of care, and causation.'" Reid v. BMW of North America, 464 F. Supp. 2d 1267, 1271 (N.D. Ga. 2006) (quoting Hessen v. Jaguar Cars, Inc., 915 F.2d 641, 650 (11th Cir. 1990)).

The doctrine, however, is subject to a number of limitations. That is, "[b]ecause of the potential impact that evidence of similar accidents can have on juries, [the Eleventh Circuit] has placed two additional limitations on the use of such evidence: (1) the prior failure(s) must have occurred under conditions substantially similar to those existing during the failure in question, and (2) the prior failure(s) must have occurred at a time that is not too remote from the time of the failure in question." Weeks v. Remington Arms Co., 733 F.2d 1485, 1491 (11th Cir. 1984); see also Neagle v. Illinois Tool Works, Inc., No. 1:08-cv-2080-WSD, 2011 WL 13173913, at *4 (N.D. Ga. Feb. 11, 2011) (holding prior incidents involving dissimilar injuries and different gun models did not meet substantial similarity threshold); Reid, 464 F. Supp. at 1271-72 (finding substantially similar prior incidents involving failure at same location of same part of same model of automobile that caused plaintiff's injury). "Conclusory statements of alleged similarity are not enough." Gibson v. Ford Motor Co., 510 F. Supp. 2d 1116, 1120 (N.D. Ga. 2007).

In its March 27, 2018, Order [478] ("March 27th Order"), the Court found that evidence relating to the SN608 Area is inadmissible because the SN608 Area is not substantially similar to the area that cracked and ultimately failed in this case. ([478] at 7). The Court concluded, in relevant part:

> [It] is plain that the underlying function of the area of the boom in the ABC Accident is different from that in the Subject Boom. The crack that progressed to failure in the ABC Accident was located in the "hinge pin" area of the machine. (Id.). This area rotates the boom and bucket in a 360 degree manner at the base of the boom, while the area that ultimately failed in this action extends and retracts the boom vertically. (Id. at 7). It appears that the cause of the cracking and the way that the cracking manifests itself is also different.

(Id.). Plaintiff once again fails to demonstrate how the SN608 Area is substantially similar to the area of the boom that cracked in this case, and, therefore, the Court finds inadmissible any evidence, argument, or reference to the SN608 Area or other incidents involving the SN608 Area.

B. <u>Plaintiff's Negligent Recall Claim</u>

Defendants also seek to strike Plaintiff's negligent recall claim. Defendants contend that Plaintiff failed to assert this claim in any of his amended complaints and alleged it for the first time in the PTO, which was filed in June 2017. Defendants argue this failure violates the notice pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure and would ultimately prejudice Defendants if allowed. Plaintiff contends that he put Defendants on notice by

5

alleging facts sufficient to state a negligent recall claim in his Sixth Amended Complaint [215] (the "Complaint") and that, even if he had not, asserting the claim in the PTO is permitted under Eleventh Circuit precedent.

In Georgia, a negligent recall claim requires a plaintiff to assert facts sufficient to show that (1) a manufacturer voluntarily chose to recall a product and (2) the manufacturer failed to exercise ordinary care in conducting the recall campaign.[1] Ford Motor Co. v. Reese, 684 S.E.2d 279, 283-94 (2009). Plaintiff's Complaint makes the following three references to a recall:

1. The Terex Defendants admit that these two defects are present in the Subject Steel and the Subject Boom. But these defects likely extends [sic] beyond the Subject Steel/Boom. The Terex Defendants have recalled a paltry 48 booms as a result of Gaddy proving these defects to them in this case; a number that will likely expand as Gaddy further proves the defect in this case and NHTSA reviews the available information about the multiple defects present in all XT booms.

2. Incredibly, despite the Terex Defendants' admission of a safety defect, their recall of the product (including the Subject Boom), and their numerous warnings about the hazardous nature of using a boom that contains the same nonconforming steel that the Subject Boom contains, *the Terex Defendants stubbornly*

---

[1] "A 'failure to recall' claim is not cognizable under Georgia law." See, e.g., Silver v. Bad Boy Enterprises LLC, No. 4:12-cv-5 (CDL), 2013 WL 4495831, at *6-7 (M.D. Ga. Aug. 20, 2013); Ford Motor Co., 684 S.E.2d at 283-85 ("We conclude that absent special circumstances, no common law duty exists under Georgia law requiring a manufacturer to recall a product after the product has left the manufacturer's control.").

6

> *refuse to admit to the parties and this Court that the Subject Boom is defective.*
>
> 3. Based upon the foregoing, the Terex Defendants were negligent and were the factual cause of the injuries, harm, damages, and losses of Plaintiff in that those Defendants: . . . (c) Manufactured the Subject Boom, which the Terex Defendants ultimately had to recall for safety reasons[.]

([215] ¶¶ 99, 141, 155). Beyond these brief references, the Complaint is entirely devoid of any facts surrounding an alleged negligent recall, any mention of the SN608 Area or the hinge pin area, or any description of how the alleged negligent recall was deficient in manner and scope. The Court therefore concludes that Plaintiff's Complaint fails to meet even the notice pleading standard required by Rule 8(a) of the Federal Rules of Civil Procedure.[2] To permit Plaintiff to assert this claim now—after the close of discovery and after dispositive motions have

---

[2] Plaintiff attempts to point the Court to various allegations in the Complaint regarding his failure-to-warn claim to support the fact that the allegations were sufficient to put Defendants on notice that he was also asserting some form of a negligent recall claim—even arguing that the negligent recall claim is "not its own species of claim so much as it is a subset of a failure-to-warn claim[.]" ([434] at 3; see also [215] at ¶¶ 104, 135, 155(r), 156). The Court disagrees. A claim for failure to warn based on adequacy of communication is distinct from a negligent recall claim and Georgia courts treat it as such. See, e.g., Silver, 2013 WL 4495831 at *6-*7; Reese, 684 S.E.2d at 283-94. That some of the facts alleged in Plaintiff's Complaint might tend to support some portion of each, distinct claim does not excuse Plaintiff from pleading a "short and plain statement" that Defendants allegedly undertook a negligent recall.

been briefed and decided—would almost certainly result in prejudice to Defendants.

Plaintiff argues finally that even if his Complaint failed to properly allege a negligent recall claim, he was permitted, according to the Eleventh Circuit, to unilaterally assert the claim for the first time in the PTO filed on June 13, 2017. The Court finds Plaintiff's reading of the case law here misguided. What the Eleventh Circuit has stated is that newly-added claims in a pretrial order are permissible so long as there is consent by the opposing party. For example, in Steger v. Gen Elec. Co., 318 F.3d 1066, 1077 (11th Cir. 2003), the Eleventh Circuit found that the district court did not err where it permitted the defendant to introduce evidence on affirmative defenses that it did not plead in its answer because the plaintiff never objected. Conversely, in Enwonwu v. Fulton-DeKalb Hosp. Auth., 286 F. App'x 586, 597 (11th Cir. 2008), the Eleventh Circuit upheld a district court's decision to strike from the parties' pretrial order a paragraph asserting, for the first time, a reckless endangerment claim where the defendant did not consent and the parties did not file a joint pretrial order.

Here, Defendants specifically objected to the inclusion of a negligent recall claim in the Consolidated Pretrial Order. Defendants' lengthy objection in the PTO states:

Terex Defendants further object to Plaintiff's outline of the case to the extent it asserts claims that have not been properly plead [sic] in Plaintiff's Sixth Amended Complaint. Specifically, Plaintiff attempts to assert a negligent recall claim, arguing that Terex "negligently performed a duty that it voluntarily undertook when it recalled the Original Design of its XT booms for cracking in the pedestal area of those booms while failing to notify its customers about cracking in the area that failed in this case and another similarly designed area of the boom." *See* Exhibit C; *see also,* Plaintiff's legal issues to be tried, ¶ 17 (g) ("Whether [Terex], when they *voluntarily undertook a duty to recall* the Original Design…*negligently performed that duty* when they failed to warn its customers about known cracking in other areas of the boom design…") (emphasis added). Negligent recall is an independent claim under Georgia law[2] and the claim is not asserted in any of the seven Complaints that Plaintiff has filed in this case. The Proposed Consolidated Pretrial Order is the first time that Plaintiff's negligent recall claim has been mentioned to Terex Defendants and the claim violates the notice pleading requirements set forth under Fed. R. Civ. P. 8(a). *See e.g., Campbell v. Emory Clinic*, 166 F.3d 1157, 1161 (11th Cir. 1999) (Plaintiff failed to provide adequate notice of breach of fiduciary duty claim where term "fiduciary" did not appear anywhere in the complaint). Documents relating to the November 2013 recall were produced to Plaintiff on or about October 21, 2014 during discovery and Plaintiff could have amended his complaint at any time thereafter to assert a negligent recall claim. To allow Plaintiff to do so now would be highly prejudicial to Terex Defendants as discovery has closed and summary judgment pleadings have been filed and ruled upon. Any claim or argument relating to Terex Defendants' alleged negligent recall of the Subject Aerial Device should be stricken. *See e.g., Enwonwu v. Fulton-DeKalb Hosp. Authority*, 286 Fed. Appx. 586, 598 (11th Cir. 2008) (district court did not abuse its discretion in striking the plaintiff's reckless endangerment claim when it was pled for the first time in the pretrial order).

([382] ¶ 14). The Court therefore finds that, because Defendants never consented to the new claim, controlling Eleventh Circuit case law dictates that the Court may strike the new claim. The negligent recall claim is struck.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Terex Corporation, Terex Utilities, Inc., and Terex South Dakota, Inc.'s Motion *In Limine* No. 3 to Exclude or Limit Evidence of Cracking In Other Terex XTs [412] is **GRANTED**.

**SO ORDERED** this 5th day of April, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE