IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY GADDY,

    Plaintiff,

v.

AMERICAN INTERSTATE
INSURANCE COMPANY,

    Intervenor Plaintiff,

v.

TEREX CORPORATION, TEREX
SOUTH DAKOTA, INC., and
TEREX UTILITIES, INC.,

    Defendants.

1:14-cv-1928-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants Terex Corporation, Terex Utilities, Inc., and Terex South Dakota, Inc.'s ("Terex SD") (collectively, "Defendants" or "Terex") Motion *In Limine* No. 4 to Exclude the Testimony of Greg Homiller [413] (the "Motion").

## I. BACKGROUND

Defendants seek to exclude the testimony of Plaintiff's fact witness,[1] Greg Homiller, a former employee of Asplundh Tree Expert Company ("Asplundh"). Defendants contend that, based on Mr. Homiller's statements made during his August 12, 2016, deposition, the Court should exclude any testimony from Mr. Homiller because any statements he may offer will "lack [] foundation, [be] premised on hearsay, constitute inadmissible opinion testimony, and [] generally relate to matters beyond his personal knowledge." ([413] at 3).   Without much specificity, Defendants assert a number of topics that they contend Mr. Homiller may attempt to offer but about which he should not be permitted to testify, including:

1. Testimony regarding alleged incidents of cracking and costs incurred by Asplundh;

2. Speculative testimony regarding the corporate decision-making of Asplundh and the practices and habits of Asplundh employees as they related to Terex products;

3. Hearsay statements from Terex employees;

4. "Opinion" testimony regarding the dangers of cracking;

---

[1] The Consolidated Pretrial Order [382] lists Mr. Homiller as a fact witness, and his testimony apparently will be presented through his deposition. ([382] at 104).

5. Testimony regarding reports, recalls, and other documents allegedly generated by Asplundh;

6. Mr. Homiller's August 3, 2016, affidavit regarding his employment experience while at Asplundh; and

7. Any argument that Defendants' counsel acted improperly or unethically

(Id. at 9-21).

Plaintiff opposes the Motion—arguing that Mr. Homiller is "among the most informed fact witnesses in this case." ([438] at 6). Plaintiff states that "[d]uring his time at Asplundh, [Mr.] Homiller had significant interaction with the pre-2004 Terex XT bucket truck booms and regularly dealt with them for the last 16 years of his career." (Id. at 7). Mr. Homiller "interacted with [] 'thousands' of Terex XT booms that Asplundh purchased." (Id. at 8). Plaintiff notes further that, during his time at Asplundh, Mr. Homiller observed cracking in both the Z887 Area, the upper elbow of the XT booms, and Z1290 Area, the area of the XT booms that cracked in this case. Plaintiff also argues that Mr. Homiller is qualified because "one of the many hats he wore at Asplundh was running the inspection department" and that "[h]e was the 'point of contact'" when Asplundh employees discovered damage on the XT trucks. (Id. at 7). Plaintiff concludes that, "[i]f Terex continues to believe that some specific passages of [Mr. Homiller's]

deposition are inadmissible, they can object to those passages when and if Mr. Gaddy designates them for trial." (Id. at 11).

## II. DISCUSSION

### A. Legal Standard

The Federal Rules of Evidence dictate when a lay witness is qualified to testify at trial. Under Rule 403 of the Federal Rules of Evidence, a trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, confusing the issues, or misleading the jury. See Fed. R. Evid. 403. Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." See Fed. R. Evid. 602.

A witness's lay opinion is admissible if it is "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." See Fed. R. Evid. 701; see also United States v. McCorvey, 215 F. App'x 829, 834 (11th Cir. 2007); Kipperman v. Onex Corp., No. 1:05-CV-01242-JOF, 2010 WL 11505688, at *20 (N.D. Ga. Sept. 29, 2010); Fed. R. Evid. 701 (Adv. Comm. Notes (2000 Amend.))

("[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by experts in the field.") (internal quotation marks omitted).

B.   Analysis

Although unclear from the Motion, it appears Defendants either (1) want the Court to prevent Mr. Homiller from testifying entirely or (2) want the Court to provide piecemeal exclusions of his anticipated deposition testimony. Defendants' Motion ultimately asks the Court to review Mr. Homiller's August 12, 2016, deposition line-by-line and determine which statements constitute, for example, hearsay or improper opinion or which lack proper foundation. The Court declines to engage in that exercise—electing instead to rely on the process in place that allows Mr. Homiller's deposition testimony to be designated by Plaintiff for use at trial and Defendant to then object to specific designated testimony.

To the extent Defendants generally object to Mr. Homiller's testimony because he lacks personal knowledge, the record shows that Mr. Homiller is familiar with the use, care, and inspection of Terex XTs based on his more than forty years of experience at Asplundh. ([438.1] ¶¶ 1-4). The Court will not at this time permit a wholesale exclusion of Mr. Homiller's testimony because he may

lack certain personal knowledge with respect to particular facts that may or may not be offered at trial. It is clear that Mr. Homiller possesses a wide breadth of knowledge about the tree trimming industry generally and may be able to offer relevant information based on his experience while employed at Asplundh. What might be allowed will be decided in the designation/objection process. Plaintiff should, of course, in making designations bear in mind the limitations of evidence imposed by the Court's rulings on the parties' other motions *in limine*.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Terex Corporation, Terex Utilities, Inc., and Terex South Dakota, Inc.'s Motion *In Limine* No. 4 to Exclude the Testimony of Greg Homiller [413] is **DENIED WITHOUT PREJUDICE** to Defendants' right to object to designations of Mr. Homiller's deposition testimony.

**SO ORDERED** this 10th day of April, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE