# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GADDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:14-cv-01928-WSD |
| AMERICAN INTERSTATE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Intervenor Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TEREX CORPORATION and ) | |
| TEREX SOUTH DAKOTA, INC. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN SUPPORT OF TEREX DEFENDANTS'
MOTION TO CERTIFY QUESTIONS OF STATE LAW
TO THE SUPREME COURT OF GEORGIA**

COME NOW, Defendants Terex Corporation ("Terex Corp.") and Terex South Dakota, Inc. ("Terex SD") (collectively, the "Terex Defendants"), and hereby file their Memorandum of Law in Support of Terex Defendants' Motion to Certify Questions of State Law to the Supreme Court of Georgia, showing as follows:

## Introduction

The Court has a firm grasp on the conflict between the application of O.C.G.A. §§ 51-1-11 and 51-12-33 to the presence of the non-conforming steel in this case, which Terex Defendants summarized in their Trial Brief Regarding Allocation of Fault under O.C.G.A. § 51-12-33(b).  *See* Doc. 382-3.  In summary, Georgia law mandates that Terex SD cannot be liable in damages for any amount of fault the jury allocates to the presence of the nonconforming steel in the Subject Boom Truck.  Otherwise, the Court's grant of partial summary judgment on Plaintiff's manufacturing defect claim under O.C.G.A. § 51-1-11 would have no effect.  And yet, there is no dispute that, given the evidence, the presence of nonconforming steel in the Subject Boom Truck must be considered by the jury in making its determinations of fault under O.C.G.A. § 51-12-33.

On December 21, 2018, in its Order on Plaintiff's Supplemental Motions in Limine, the Court ruled that the conflict between the application of O.C.G.A. §§ 51-1-11 and 51-12-33 to the presence of the non-conforming steel in this case will be handled via a jury instruction that will be determined at trial.  *See* Doc. 527.  Terex Defendants respect the consideration that the Court has given to this issue before reaching the opinion set forth in the Order and are not moving for reconsideration of the Court's Order.  Terex Defendants, however, submit that in

this unique circumstance, it would be appropriate for the unresolved questions of state law to be presented to the Supreme Court of Georgia in the form of certified questions before this case is tried.

## Argument and Citation to Authority

Georgia law permits this Court to certify an unresolved question of state law to the Georgia Supreme Court if the question is determinative and no clear and controlling precedent from the Georgia Supreme Court exists. O.C.G.A. § 15-2-9[1]; *Cascade Crossing II, LLC v. Radioshack Corp.*, 480 F.3d 1228, 1231 (11th Cir. 2007) (certifying question). "'Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary *Erie* 'guesses' and to offer the state court the opportunity to interpret or change existing law.'" *CSX Transp., Inc. v. City of*

---

[1] O.C.G.A. § 15-2-9(a) provides:

> The Supreme Court of this state, by rule of court, may provide that when it shall appear to the Supreme Court of the United States, to any circuit court of appeals or district court of the United States, or to the Court of Appeals or the District Court of the District of Columbia that there are involved in any proceeding before it questions of the laws of this state which are determinative of the case and there are no clear controlling precedents in the decisions of the Supreme Court of this state, such federal court may certify the questions of the laws of this state to the Supreme Court of this state for answers to the questions of state law, which certificate the Supreme Court of this state may answer by written opinion.

- 3 -

*Garden City*, 325 F.3d 1236, 1239 (11th Cir. 2003) (certifying question); *Schorr v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 90831 (M.D. Ga. 2009) (certifying question). In deciding whether to certify questions, the Eleventh Circuit provides that the trial court should consider "the closeness of the question and the existence of sufficient sources of state law...to allow a principled rather than conjectural conclusion" and "the degree to which considerations of comity are relevant." *Escareno v. Noltina Crucible and Refractory Corp.* 139 F.3d 1456, 1460-1461 (11th Cir. 1998).

During oral arguments on this issue, this Court expressed concern over how the issue may affect the jury's apportionment of fault at trial, that a ruling for either side would unfairly prejudice the opposing party, and that there is a dearth of Georgia case law that provides guidance on how the issue should be handled at trial. Terex Defendants share the Court's concerns and do not believe a jury instruction is sufficient to eliminate the significant risk that a jury will allocate fault to Terex SD for the presence of the nonconforming steel in the Subject Boom Truck when Terex SD cannot be liable for the presence of the nonconforming steel under Georgia law and this Court's prior rulings.

The Court and the parties have worked diligently to fairly resolve an extensive amount of evidentiary issues in an effort to set this case up for a fair trial.

Terex Defendants fear, however, that as long as this question of state law remains unresolved at trial, any verdict will be challenged on appeal and a re-trial will ultimately result.  Therefore, Terex Defendants believe that judicial resources would most efficiently be served if the Supreme Court of Georgia were given the opportunity to weigh in on this issue before trial instead of after trial in the form of an appeal.

Accordingly, Terex Defendants respectfully request that this Court certify the following questions of state law to the Supreme Court of Georgia before this case is tried:

i   Plaintiff's negligent design and failure to warn claims are proceeding to trial. Plaintiff's failure to warn claims include, but are not limited to, a claim due to Terex Defendants' alleged failure to warn regarding the presence of nonconforming steel in the Subject Boom Truck.  This Court has also ruled as a matter of law that Plaintiff's manufacturing defect claim relating to the nonconforming steel is barred by Georgia's statute of repose, O.C.G.A. § 51-1-11.  That claim is barred even though it is undisputed that the subject accident would not have occurred but for the presence of the nonconforming steel in the Subject Boom Truck. Under these circumstances, where a manufacturing defect claim is undisputed but barred under O.C.G.A. § 51-1-

11, and consequently, the defendant manufacturer cannot be held liable for that claim, how does the jury apportion fault to the defendant manufacturer for the barred manufacturing defect claim under O.C.G.A. § 51-12-33 such that a verdict, if any, would be reduced by the percentage of fault apportioned to the manufacturer for said claim?

i  If the jury cannot do so under O.C.G.A. § 51-12-33, how does the trial court present the issue to the jury to ensure that the defendant manufacturer is not held responsible for the barred claim?

## Conclusion

Based on the foregoing, Terex Defendants respectfully request that this Court grant their Motion to Certify Questions of State Law to the Supreme Court of Georgia.

Respectfully submitted this 28th day of December, 2018.

                    WEINBERG, WHEELER, HUDGINS,
                         GUNN & DIAL, LLC


                By: */s/ Frederick N. Sager, Jr.*
                    Frederick N. Sager, Jr.
                    Georgia Bar No. 622070
                    Mark R. Johnson
                    Georgia Bar No. 395042
                    Frederick L. Cooper, IV
                    Georgia Bar No. 785392

- 7 -

*Attorneys for Defendants Terex Corporation and Terex South Dakota*

3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia  30326
404.876.2700 Office
404.875.9433 Facsimile
rsager@wwhgd.com
mjohnson@wwhgd.com
dcooper@wwhgd.com

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 28th day of December, 2018.

                                          By: */s/ Frederick N. Sager, Jr.*
                                                Frederick N. Sager, Jr.
                                                Georgia Bar No. 622070
                                                rsager@wwhgd.com
                                                *Attorneys for Defendants Terex*
                                                *Corporation and Terex South Dakota*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing on all parties in the foregoing matter via CM/ECF e-filing, to wit:

Christian A. Pecone, Esq.
SAVELL & WILLIAMS, LLP
2700 Harris Tower
233 Peachtree Street
Atlanta, GA  30303
*Counsel for Intervenor/Plaintiff*

Lance A. Cooper, Esq.
Andrew S. Ashby, Esq.
THE COOPER FIRM
531 Roselane Street, Suite 200
Marietta, GA  30060
*Counsel for Plaintiff*

Darren Summerville, Esq.
The Summerville Firm, LLC
400 Colony Square, Suite 2000
1201 Peachtree Street NE
Atlanta, GA  30361
*Co-Counsel for Plaintiff*

This 28th day of December, 2018.

By: */s/ Frederick N. Sager, Jr.*
Frederick N. Sager, Jr.
Georgia Bar No. 622070
rsager@wwhgd.com
*Attorneys for Defendants Terex Corporation and Terex South Dakota*